# EXHIBIT 1

Hearing Date: 12/12/2023 10:30 AM
Location: Court Room 2302
Judge: Moreland, Caroline Kate

Case: 1:23-cv-10351 Document 12-2 Filed: 09/12/23 Page 2 of 15 PageID #:14

FILED
8/9/2023 4:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH07288
Calendar, 10
23900129

FILED DATE: 8/9/2023 4:40 PM    2023CH07288

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| NE'TOSHA BURDETTE, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>FUBOTV INC., a New York corporation,<br><br>*Defendant*. | Case No: 2023CH07288<br><br>Hon. |

## CLASS ACTION COMPLAINT

Plaintiff Ne'Tosha Burdette ("Plaintiff") brings this Class Action Complaint against Defendant FuboTV, Inc. ("FuboTV" or "Defendant") to stop Defendant's unlawful disclosure of its customers' personally identifiable information and to seek redress for all those who have been harmed by Defendant's misconduct. Plaintiff alleges as follows based on personal knowledge as to herself and her own acts and experiences and as to all other matters, on information and belief, including an investigation by her attorneys.

## INTRODUCTION

1. This is a class action suit brought against Defendant for violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *et seq*, which prohibits the disclosure of consumers' video viewing history without their informed, written consent.

2. Defendant is the operator of one of the most popular video streaming and live tv services in the nation.

3. FuboTV operates a video streaming service with over 1.4 million subscribers as of

1

2022.[1]

4.  Like other video streaming services such as Netflix, Defendant offers a paid subscription that permits users to pay to have access to its provided video content.

5.  Critically, Defendant utilizes sophisticated tracking technology that collects its subscribers' personally identifiable information ("PII"), including information which identifies a person as having viewed specific videos on Defendant's streaming service. Defendant knowingly discloses this information to third party advertisers so that they can target specific users with specifically tailored advertisements based on their viewing history.

6.  However, Defendant discloses its subscribers' PII without their consent, and in doing so, Defendant has violated the VPPA and Plaintiff's and the other Class members' statutory rights.

7.  Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly disclosing its subscribers' PII to third-parties in violation of the VPPA.

## JURISDICTION AND VENUE

8.  This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is knowingly doing business within this State such that it has sufficient minimum contacts with Illinois and has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of or relate to Defendant's conduct in Illinois, as Defendant illegally discloses the video

---

[1] https://www.marketwatch.com/story/fubotv-stock-jumps-after-much-narrower-loss-than-expected-and-revenue-beat-6f973fe5.

2

viewing information of Plaintiff's and the other putative Class members' in this State.

9. Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101 because Defendant conducts business in Cook County and thus resides there under § 2-102.

## PARTIES

10. Plaintiff Na'Tosha Burdette is a natural person and citizen of Illinois.

11. Defendant is a New York corporation headquartered in New York, New York.

## COMMON FACTUAL ALLEGATIONS

**I.     The Video Privacy Protection Act**

12. The VPPA prohibits "[a] video tape service provider" from "knowingly disclos[ing], to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)(1).

13. The VPPA defines PII as "information which identifies a person as having requested or obtained specific video materials or services from a video service provider." 18 U.S.C. § 2710(a)(3).

14. A video tape service provider is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual material." 18 U.S.C. § 2710(a)(4).

15. Further, the act defines a "consumer" as "any, renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710 (a)(1).

16. In 2012, Congress amended the VPPA, and in so doing, reiterated the Act's applicability to "so-called 'on-demand' cable services and internet streaming services [that] allow consumers to watch movies or TV shows on televisions, laptop computers, and cell phones." S. Rep. 112-259, at 2.

FILED DATE: 8/9/2023 4:40 PM 2023CH07288

17. Thus, the VPPA applies to video steaming service providers, such as Defendant, and its steaming platform through which subscribers watch video content.

## II. Defendant Discloses its Subscribers' PII to Third Parties

18. Defendant is the operator of one of the most popular video streaming and live tv services in the nation with 1.4 million subscribers as of 2022.[2]

19. In order to gain access to Defendant's streaming services, consumers are required to subscribe to FuboTV by creating an account and providing payment information that is automatically charged after the first 7-day. (FuboTV account holders are hereinafter referred to as "Subscribers").

20. Importantly, while creating their accounts, Subscribers are not specifically asked to consent to Defendant sharing and disclosing their PII to third parties, including information which identifies them as having viewed specific video content.

21. However, despite not obtaining informed, written consent from its Subscribers which is distinct and separate from any form setting forth other legal obligations, Defendant discloses its Subscribers' PII to various third parties.

22. Defendant's disclosure of its Subscribers' PII is evidenced in Defendant's Privacy Policy[3] which discloses that Defendant may collect a slew of information from its Subscribers including but not limited to:

    A. Account registration information and contact or profile information, including e-mail address, password, and zip code, or third party sign on credentials from Apple, Google, and Facebook, phone number, online screen name, profile

---

[2] https://www.marketwatch.com/story/fubotv-stock-jumps-after-much-narrower-loss-than-expected-and-revenue-beat-6f973fe5.

[3] https://legal.fubo.tv/policies/en-US/?name=privacy-policy.

4

FILED DATE: 8/9/2023 4:40 PM 2023CH07288

name, biographic information, and contact information.

B. Transactional or commercial information, including information about account activity such as "orders and purchases, packages or add-ons selected, and **programming searched for, recorded and watched**."

C. Contests, Sweepstakes and Survey information, including registration information including name, contact information (email address, mailing address, telephone number), and demographic profile information.

D. Location Information. FuboTV and its service providers automatically "**collect [Subscribers'] location information, including precise or near-precise geolocation** . . ." FuboTV uses device "**GPS coordinates**" to determine a Subscribers' location.

E. Device information and related identifiers, including IP address, browser characteristics, device IDs and characteristics, platform type, advertising identifiers, operating system, identifiers to conduct measurement and analytics by data market measurement firms of FuboTV, and state/county information from which Subscribers access FuboTV.

F. Usage information. FuboTV and its service providers "collect and analyze information about [Subscribers'] usage activity such as referring and exit pages and URLs, the number of clicks, files you download, domain names, landing pages, **pages and content viewed and order of those pages, content recorded on FuboTV**, the amount of time spent on particular pages, the data and time you used the Services . . . and similar information."

G. Social Media Information. When a Subscriber "likes" or "follows" FuboTV

5

FILED DATE: 8/9/2023 4:40 PM 2023CH07288

    on Facebook, Instagram, Twitter, or other social media sites, FuboTV may collect information such as name, email address, and other information.

  H. Online Analytics and Advertising. FuboTV uses third-party web analytics (such as Google Analytics) to collect and analyze usage information, auditing, research, reporting, and provide certain features. FuboTV also allows third-party advertising technologies to place tracking technologies on Subscribers' computer, mobile device, or other devices "to collect information about [Subscribers] to assist in the delivery of relevant advertising about the Services on other websites you visit and other services you use."

23. Defendant also admits on its privacy policy that it may combine the information it collects through its Services with information collected automatically or received from other sources and use such combined information.

24. Critically, Defendant admits in its Privacy Policy that it discloses the collected information detailed above for various business and operational purposes, including to its affiliates, subsidiaries, and third-parties. For example, Defendant discloses or shares information with third parties who perform services such as "authentication or verification, location services, technical support, marketing, product content and features, advertising, analytics, research, customer service . . ." and for other similar uses.[4] Specifically, Defendant states that it "**disclose[s] information about content [Subscribers'] view on FuboTV Services to video measurement services . . . as well as other analytics providers**."[5]

25. In addition, Defendant discloses the above mentioned collected information with

---

[4] *Id.*

[5] *Id.*

6

advertisers, advertising networks, sponsorship partners, and customer referral marketing partners to tailor its Services and marketing and advertising on its Services and on third-party platforms.[6]

26. Defendant also admits that it uses first-party data to "create custom audience segments informed by viewership behavior to target users based on the exact content and amount of time they are watching, anywhere on the platform."[7] Then, advertisers "can reach these **specific** [Subscriber]s across any content genre available on FuboTV."[8]

27. Indeed Defendant has itself admitted in its 2022, 2021, and 2020 Annual Reports that its "**use of subscriber data to deliver relevant advertising on our platform places us and our content publishers at risk for claims under a number of laws, including but not limited to the Video Privacy Protection Act ("VPPA")**. . . . We and our content publishers and advertisers could be at risk for violation or alleged violation of these and other laws, regulations, and other standards and contractual obligations relating to privacy, data protection, and information security."[9]

28. In short, Defendant compiles data obtained from its Subscribers, including Personal Information which can be used to identify a specific person, their device information, their location information, and the content and videos a Subscriber views, and shares it with a variety of third parties for profit.

29. Critically, at no point does Defendant obtain its Subscribers', including Plaintiff's, prior written consent as required under the VPPA to share their PII and video viewing history with

---

[6] *Id.*

[7] https://ir.fubo.tv/news/news-details/2022/fuboTV-Invites-Brands-to-Follow-The-Audience-at-2022-IAB-NewFronts/default.aspx.

[8] *Id.*

[9] https://ir.fubo.tv/financials/annual-reports/default.aspx

7

such third parties and its Subscribers remain unaware that their PII and other sensitive data is being disclosed and/or collected by such third parties.

30. Defendant's Subscribers are unaware of the status of their PII and viewing history, to whom it has been disclosed, and who has possession and retained such information as a result of Defendant's illegal disclosures.

31. By disclosing its Subscribers' PII, which undeniably reveals both an individual's identity and the video materials they have requested from Defendant's services, Defendant has intentionally and knowingly violated the VPPA.

## FACTS SPECIFIC TO PLAINTIFF

32. Plaintiff Ne'Tosha Burdette subscribed to Defendant's FuboTV streaming service in the past two years.

33. Plaintiff has used her account with Defendant to view video materials through her paid subscription on a weekly basis since signing up.

34. Defendant knowingly and intentionally disclosed Plaintiff's PII, including specifically her viewing history or PII, to third parties and affiliates.

35. While viewing content on FuboTV Plaintiff regularly saw various advertisements.

36. The advertisements that Plaintiff saw were paid for by various companies and/or advertising agencies that paid to have their ad content appear specifically on Plaintiff's account and based on the content that she was viewing, or had viewed in the past.

37. Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendant to collect her PII, including specifically information that could be used to identify her as an individual who has requested to view a specific video(s), and disclose her PII to third-parties. Plaintiff did not provide her informed written consent to such disclosures

8

FILED DATE: 8/9/2023 4:40 PM 2023CH07288

in a form distinct and separate from any form setting forth her other legal obligations.

38. To this day, Plaintiff is unaware of the status of her PII, to whom it has been disclosed, and who has possession and retained her PII as a result of Defendant's illegal disclosures.

39. By disclosing Plaintiff's PII, which reveals both her identity and the video materials she has requested from Defendant's services to third-parties, Defendant has intentionally and knowingly violated the VPPA and Plaintiff's privacy rights.

**CLASS ALLEGATIONS**

40. Plaintiff brings this action on her own behalf and on behalf of a nationwide class (the "Class"), pursuant to 735 ILCS 5/2-801 defined as follows:

> The Class: All persons in the United States who had an account with FuboTV that they used to view video materials from August 9, 2021 to the present.

41. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

42. Upon information and belief, there are hundreds of thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

43. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to

9

Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's VPPA violations.

44. There are many questions of law and fact common to the claims of Plaintiff and the other Class Members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant disclosed Class members' PII;

(b) Whether the information disclosed to third parties concerning Class Members PII constitutes personally identifiable information under the VPPA;

(c) Whether Defendant knowingly disclosed the Class Members' PII to third-parties;

(d) Whether Class members provided written informed consent to Defendant's disclosure of their PII to third parties as required by the VPPA;

(e) Whether the Class is entitled to damages and other relief as a result of Defendant's conduct.

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

46. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

47. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Video Privacy Protection Act
### (On behalf of Plaintiff and the Class)

48. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

49. The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" of any subscriber to their services to a third party without their "informed, written consent[.]" 18 U.S.C. § 2710.

50. As defined in 18 U.S.C. § 2710 (a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials."

51. As defined in 18 U.S.C. § 2710 (a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

52. As defined in 18 U.S.C. § 2710 (a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider."

53. Defendant is a "video tape service provider" as defined in 18 U.S.C. § 2710 (a)(4) because it provided movies and television shows to subscribers such as Plaintiff and the other

11

Class members through its streaming service.

54. Plaintiff, like the other Class members were "consumers" under the VPPA as they were subscribers to Defendant's streaming service who viewed movies and/or television shows through its service.

55. Defendant knowingly caused Plaintiff's and the other Class members' PII, including information that can be used to identify them as having requested or obtained specific video materials or services, to be disclosed to third parties. This information constitutes PII under 18 U.S.C. § 2710 (a)(3) because it identified each Plaintiff and Class Members to third parties as an individual who viewed specific video materials requested from Defendant's streaming platforms.

56. As set forth in 18 U.S.C. § 2710 (b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner."

57. Defendant did not obtain informed, written consent from Plaintiff and the Class Members under the VPPA before disclosing their PII, including specifically their viewing history, to third parties.

58. Defendant knew that these disclosures identified Plaintiff and Class Members to third parties. By knowingly and intentionally disclosing Plaintiff's and Class Members' PII without their written consent, Defendant violated Plaintiff's and Class Members' statutorily protected right to privacy under the VPPA.

59. As a result of the above-mentioned violations, Defendant is liable to Plaintiff and

the other Class Members for damages related to their loss of privacy in an amount to be determined at trial.

60. On behalf of herself and the Class, Plaintiff seeks: (i) declaratory relief; (ii) injunctive and equitable relief as it is necessary to protect the interests of the Plaintiff and Class by requiring Defendant to comply with the VPPA; (iii) statutory damages of $2,500 for each violation of the VPPA pursuant to 18 U.S.C. § 2710 (c); and (iv) reasonable attorneys' fees and costs and other litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. For all forms of relief set forth above

3. An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

4. An award of attorney's fees and costs;

5. Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: August 9, 2023         Respectfully submitted,

NE'TOSHA BURDETTE, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

13

FILED DATE: 8/9/2023 4:40 PM 2023CH07288

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

14